UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ROBERT LAWRENCE WHITTAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-12-SNLJ |
| | ) |
| DANIEL REDDINGTON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Robert Lawrence Whittaker, an inmate at the Northeast Correctional Center ("NECC"), for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $5.26. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement showing an average monthly deposit of $26.29 and an average monthly balance of $22.95. The Court will therefore assess an initial partial filing fee of $5.26, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). To determine whether an action states a claim upon which relief may be granted, the Court engages in a two-step inquiry. First, the Court determines whether the allegations in the complaint are entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Allegations are not entitled to the assumption of truth if they are merely "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court determines whether the complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.*, and "raise[s] a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Where the well-pleaded facts do not permit the inference of more than the "mere possibility of misconduct," the complaint has alleged, but has not shown, that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)); *see also Twombly*, 550 U.S. at 557 (if the well-pleaded facts are merely consistent with wrongdoing, the complaint stops short of the line between possibility

and plausibility). Determining whether a complaint states a plausible claim is a context-specific task that requires the court to draw upon judicial experience and common sense. *Iqbal,* 556 U.S. at 679.

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Daniel Reddington (the NECC Warden) and Ms. Windmiller (the Housing Unit 9 Caseworker). He sues Reddington in his official and individual capacities, and he sues Windmiller in her individual capacity.

Plaintiff alleges that, on July 20, 2019, he cut his wrist "very bad by a neglected razor sharp door at Housing Unit 9." Later in the complaint, plaintiff specifies that the razor-sharp condition existed in the door's lock. Plaintiff alleges that "it took 2-week[s] later for them to fix this dangerous, razor sharp door lock." A nurse told plaintiff that other people had cut themselves on the door.

Plaintiff filed an Informal Resolution Request ("IRR"), but Windmiller and one Mr. Turner "are refusing to take personal accountability for not seeing me on a timely manner [*sic*] after filing

3

my first complaint." Plaintiff describes this as "[derelict] of duty," and explains this was why his complaint was denied.

Plaintiff alleges that, in addition to the cut, he suffered psychological pain and suffering because he was not seen in a timely manner. He waited 90 days, but no one called to talk to him about his IRR. A new case worker told him they were supposed to see him within 90 days, and plaintiff filed another IRR. However, it was denied because "of [their] neglect and [derelict] of duty of turning my first Informal Resolution in and seeing me in a timely manner." He claims he did what he was supposed to do, and the outcome of his IRR was not his fault. He seeks damages in the amount of $50,000.

**Discussion**

Plaintiff alleges that Reddington is liable to him because he cut himself on a door that went unrepaired. The Court first addresses plaintiff's official-capacity claims against Reddington. Official-capacity suits represent another way of pleading an action against the entity of which the officer is an agent. *Hafer v. Melo,* 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham,* 473 U.S. 159, 169 (1985)). Therefore, plaintiff's official-capacity claims against Reddington are assumed to be claims against the Missouri Department of Corrections ("MDOC"), a state agency. *See id.; see also Walker v. Mo. Dep't of Corr.,* 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing the MDOC as state agency). However, plaintiff has failed to allege sufficient facts to state an official-capacity claim. *See Graham*, 473 U.S. at 166. Additionally, plaintiff's official-capacity claims for damages against Reddington are barred by the Eleventh Amendment. *See 281 Care Comm. v. Arneson,* 638 F.3d 621, 632 (8th Cir. 2011) (citing *Ex Parte Young,* 209 U.S. 123 (1908)).

The Court now turns to plaintiff's individual-capacity claims against Reddington. Claims alleging unconstitutional conditions of confinement, including claims involving threats to an

4

inmate's safety, are analyzed using the Eighth Amendment's deliberate indifference standard. *See Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993) (citation omitted), *see also Blair v. Bowersox*, 383 F.3d 981, 987-88 (8th Cir. 2019). To prevail on an Eighth Amendment claim, a plaintiff must establish that objectively, the condition was sufficiently serious to warrant constitutional protection, and subjectively, that the defendant acted with a sufficiently culpable state of mind. *Id.* "The subjective standard is akin to that of criminal recklessness: 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference' before acting – or failing to act – with a conscious disregard for the risk." *Blair*, 383 F.3d at 987-88 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Mere negligence or inadvertence is insufficient to satisfy the deliberate indifference standard. *Choate*, 7 F.3d at 1374.

The Court accepts as true plaintiff's allegation that he cut his wrist on the door on July 20, 2019 because the door's lock was sharp. Indeed, a sharp door lock can be hazardous. However, it is the sort of condition that is a daily risk faced by members of the public at large, much like the slippery floors that resulted when prison officials allegedly allowed a plumbing leak to go unrepaired for over a month in *Greer v. Johnson, et al.,* No. 1:17-cv-126-CAS (E.D. Mo. Nov. 8, 2017). Therefore, the Court cannot say that plaintiff has established the objective element: that the condition of the door was sufficiently serious to warrant constitutional protection.

Even if it could be said that plaintiff had satisfied the subjective element, he fails to establish the subjective element – that Reddington actually knew of, and deliberately disregarded, a threat to his safety. Plaintiff alleges he was told that other people cut themselves on the door. However, plaintiff makes no attempt to explain when those injuries occurred, or whether Reddington or any other prison official was aware of them before plaintiff was cut. Plaintiff also

alleges he filed an IRR and/or grievance after he was cut. However, these allegations do not permit the inference that, before plaintiff was injured, Reddington knew about the hazardous condition and, with conscious disregard, failed to repair it. Finally, to the extent plaintiff can be understood to attempt to hold Reddington liable because he was the warden of the facility, he fails to state a claim under § 1983. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in *respondeat superior* are not cognizable under § 1983).

Having thoroughly reviewed and liberally construed the complaint, the Court concludes that plaintiff's claims based on the condition of the door fail to state a violation of the Eighth Amendment. At most, plaintiff's allegations establish that prison officials negligently allowed the door to remain unrepaired for two weeks after plaintiff was injured. These allegations cannot support an Eighth Amendment claim against Reddington or any other prison official. *See Choate*, 7 F.3d at 1374, *see also Newman v. Holmes*, 122 F.3d 650, 653 (8th Cir. 1997) (deliberate indifference includes something more than negligence but less than actual intent to harm).

Next, plaintiff alleges that Windmiller and/or a person not named as a defendant failed to take timely action with respect to his IRR and/or grievance. These allegations fail to state a claim of constitutional dimension. To state a cognizable claim under § 1983, a plaintiff must allege, *inter alia,* that he was deprived of a federally-protected right. *See* 42 U.S.C. § 1983, *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). There is no federal right to a prison grievance procedure, and neither a state law nor a state policy creates one. Therefore, plaintiff's allegations that Windmiller or anyone else failed to process or respond to his IRR and/or grievance, without more, is not actionable under § 1983. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate).

Plaintiff can also be understood to claim that Windmiller and/or a person not named as a defendant violated the prison's policies or rules by failing to respond to him within 90 days. However, it is well established that there is no federal constitutional liberty interest in having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

For all of the foregoing reasons, the Court concludes that plaintiff has failed to state a claim upon which relief may be granted. This is not a situation in which leave to amend is appropriate because plaintiff's claims clearly rest upon allegations that cannot form the basis of a claim of constitutional dimension. The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $5.26 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of April, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE